UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

NICHOLAS SMITH,

    Plaintiff,                        DEMAND FOR JURY TRIAL

-vs-                                     Case No.
                                        Hon.

CAR SQUAD, LLC,

    Defendant.

## COMPLAINT for ODOMETER FRAUD with JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Nicholas Smith who resides in Dearborn Hts, Michigan in Wayne County.

4.  The Defendant to this lawsuit is Car Squad, LLC ("CSLLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

## VENUE

5.  The transactions and occurrences which give rise to this action occurred in Wayne County.

6.  Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7.  On or about October 22, 2021, Plaintiff purchased a certain 2006 Ford Explorer, VIN 1FMEU75876UA11186 ("the vehicle") from Defendant.

8.  At the time of the purchase, the odometer read approximately 135,900 miles.

9.  When Defendant purchased the vehicle the odometer read 241,700 miles.

10. The Defendant tampered with the odometer with the intent to defraud the Plaintiff.

11. The Defendant rolled back the odometer over 100,000 miles to fraudulently induce the Plaintiff to purchase the vehicle.

12. Plaintiff relied on the false mileage reading on the odometer of the vehicle and decided to purchase the vehicle.

13. Plaintiff would not have purchased the vehicle if he had known that the vehicle's odometer had been tampered with and rolled back.

14. Plaintiff would not have purchased the vehicle if he had known that the vehicle had over 241,000 miles on it.

15. After Plaintiff purchased and paid for the vehicle, the Defendant failed to applt for title within 14 days in violation of the Motor Vehicle Code making the transaction voidable.

16. Plaintiff has suffered damages as a result of the acts and omissions set forth herein.

## COUNT I -- Federal Odometer Act (CSLLC)

17. Mr. Smith incorporates the preceding allegations by reference.

18. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale and that was because the seller tampered with the odometer, rolling it back over 100,000 miles with the intent to defruad the Plaintiff.

19. Defendant did, in fact defraud the Plaintiff as set forth herein.

20. Plaintiff is entitled to $10,000.00 plus costs and attorney fees pursuant to 49 U.S.C. §32710.

### COUNT II -- Misrepresentation (CSLLC)

21. Mr. Smith incorporates the preceding allegations by reference.

22. The material representation regarding the mileage was intended to induce the reliance of Mr. Smith.

23. The material representation did induce the reasonable reliance of Mr. Smith.

24. CSLLC made the material representation with actual knowledge of its falsity.

25. CSLLC made the material representation with reckless disregard to its truth or falsity.

26. CSLLC made the material representation even though it should have known that the material representation was false.

27. These actions constitute a misrepresentation upon Mr. Smith by CSLLC.

28. Mr. Smith has suffered damages as a result of this misrepresentation.

29. As a result of this misrepresentation, Mr. Smith suffers continuing damages.

### COUNT III — Motor Vehicle Code Violations (CSLLC)

30. Mr. Smith incorporates the preceding allegations by reference.

31. CSLLC failed to apply for title within 15 days of delivering the vehicle to Mr. Smith as required by M.C.L. §257.235.

32. CSLLC's failure to effectively transfer title constituted a violation of M.C.L. §257.235.

33. Mr. Smith may void the contract of sale as a result CSLLC's violation of the Motor Vehicle Code under M.C.L. §257.251.

34. Plaintiff is entitled to an order voiding the purchase transaction.

## JURY DEMAND

35. Nicholas Smith demands a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court award Mr. Smith a Judgment in the amount of $10,000.00 plus costs and attorney fees.

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:   /s/ Adam G. Taub
                Adam G. Taub (P48703)
                Attorney for Nicholas Smith
                17200 West 10 Mile Rd. Suite 200
                Southfield, MI 48075
                Phone:  (248) 746-3790
                Email:   adamgtaub@clgplc.net

Dated: December 17, 2021